Judge Underwood
deliw red the opinion of the court.
William Sprague filed his bill against John Sprague and Dunning McNair for the purpose of collecting from John Sprague, a resident, a debt which he owed. McNair, a non-resident, alleged to be insolvent, and against whom William Sprague asserted a claim. Pending the suit McNair died, and there was an attempt made to revive it against his representatives. The order of publication against them is insufficient because certified by an editor instead of printer as required by the statute; But the persons named in the bill of revivor as administraío rs, filed their answer, admitting the right of the complainant to recover. There is no proof, however,' that, they are the administrators of McNair, and If the filing of the answer was sufficient to cure the illegality of the order of publication as certified, still if it be indispensable that it should have been proved that they were administrators, the decree must be reversed.
Judge Underwood thinks that the complainant was bound to show, before he-was entitled to a decree, that D. R. McNair and Scott were really the administrators of D. McNair, and, notwithstanding the bill of revivor against them as administrators was not answered by John Sprague. Whether they were or were not administrators’was a fact which cannot be presumed to be withirf the knowledge of J. Sprague, and as he had an'answer in, denying his liability altogether, Judge Underwood thinks it was the duty of the complainant to file the record of their qualification. But the chief justice and Nicholas are of opinion, that as John Sprague failed to answer the bill of revivor, though filed subsequent to the time his answer was put in to the original bill, that the facts stated in the bill of revivor should be taken as admitted by John Sprague, and therefore it sufficiently appears that, D. R. - cNair and Scott were the administrators, anti as they filed *332 their answer, it cured the defect in the authentication of the order of publication.
Statute authorizing trial of right of property under xeoutio->, era pais, on!> applies, when claimed by stranger.
Replication, th it plaintiff was a “h'-use keeper” and
Crittenden, for appellant; Brown for appellee.
The whole court is of opinion that, the heirs of D. McNair were not necessary parties, and that John Sprague owed at least as much as has been decided against him.
Wherefore, the decree must be affirmed with cost? and damages.